UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

MUNAWAR LAW GROUP,                              Chapter 11


                              Debtor.           Case No.: 25-10020-DSJ
-----------------------------------------------------------------X

## DEBTOR'S OPPOSITION TO TRUSTEE'S MOTION TO APPOINT AN OPERATING TRUSTEE PURSUANT TO 11 U.S.C. § 1104

Debtor MUNAWAR LAW GROUP, by and through undersigned counsel, respectfully submits this opposition to the United States Trustee's (the "UST") Motion to Appoint an Operating Trustee pursuant to 11 U.S.C. § 1104(a) (the "Motion"), and in support thereof, states as follows:

1.      In support of the Motion, the UST argues that the Debtor's principal, Adnan Munawar ("Mr. Munawar") grossly mismanaged the bankruptcy estate. The Motion alleges that Mr. Munawar (i) improperly used EIDL proceeds and IOLA funds; (ii) Reported false tax information; (iii) made fraudulent or preferential transfers; and (iv) filed perjurious bankruptcy schedules. This opposition shall address each of these allegations one by one.

2.      11 U.S.C. §1104(a) provides as follows:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

1

3.      "The party requesting the appointment of a trustee has the burden of proof in showing "cause". See, <u>In re William A. Smith Constr. Co., Inc.</u>, 77 B.R. at 126; <u>In re Cole</u>, 66 B.R. 75, 76 (Bankr.E.D.Pa.1986); *168 <u>In re St. Louis Globe–Democrat, Inc.</u>, 63 B.R. 131, 138 (Bankr.E.D.Mo.1985). **The evidence supporting the motion for the appointment of a trustee must be clear and convincing.** Id.; <u>In re Evans</u>, 48 B.R. at 47; <u>In re Tyler</u>, 18 B.R. 574, 577 (Bankr.S.D.Fla.1982)." <u>In re Ionosphere Clubs, Inc.</u>, 113 BR 164, 167-68 (Bankr SDNY 1990) (emphasis added).

4.      Gross mismanagement is not defined within the bankruptcy code. While many of the allegations made in the Motion could be considered mismanagement, it is unclear whether or not they should be considered to be gross. When it comes down to it, gross mismanagement can should be reviewed through the lens of the creditors in the case. The creditors are the ones that will be most affected by the appointment of an operating trustee, as the distribution to creditors is what will be most affected by the appointment of an operating trustee.

5.      "Gross mismanagement is manifest when creditors may reasonably lose all confidence in the ability of management to direct the reorganization effort." Id. (citing 7 Collier on Bankruptcy ¶ 1104.02[3][c][i] (Alan N. Resnick & Harry J. Sommer, eds, 15ed. Rev.2007))." <u>In re Dew</u>, 13-02284-8-RDD, 2014 WL 928982, at *3 (Bankr EDNC Mar. 10, 2014).

6.      In the instant matter, prior to the examiner's report, the Debtor had negotiated an agreement with Ardec Capital Solutions LLC ("Ardec" the third largest creditor, see Claim No. 6) providing for plan treatment of Ardec's claim. Negotiations with Equal Access Justice Fund LP ("EAJ" the largest creditor, see Claim No. 3) were stalled while the Examiner was completing her investigation and report. After the Examiner's Report was released, both the Debtor and EAJ's counsel have fervently negotiated in good faith to resolve plan treatment of EAJ's claim. Currently,

Debtor's counsel is hopeful that a final resolution should be reached before the hearing on the Motion.

7. EAJ's counsel was present by zoom platform at Mr. Munawar's deposition by the Examiner and is fully aware of the Examiner's report and the present Motion. Yet it still is negotiating in good faith towards a resolution with the Debtor. It is respectfully submitted that such actions by the Debtor's largest creditor are indicative that whatever mismanagement took place, it was not gross otherwise, as set forth in the Dew decision, creditors would not have confidence in Mr. Munawar's ability to direct a reorganization and would therefore refuse to negotiate.

8. As the Court in Ionosphere Clubs, Inc., stated, "The philosophy of chapter 11 is to give the debtor a "second chance" and, consistent with such philosophy, current management should be permitted to identify and correct its past mistakes. H.R.Rep. No. 595, 95th Cong., 1st Sess. 220 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6179, 6180." In re Ionosphere Clubs, Inc., 113 BR 164, 168 (Bankr. SDNY 1990). The Motion points out that mistakes were made by the Debtor, but the Debtor has continued practicing the law to the best of its abilities in order to raise the revenues necessary to fund a plan of reorganization. Such a second chance should not be taken away from the Debtor when it is at the precipice of fruition.

The Use of SBA EIDL Loan Funds

9. During Covid, the Debtor received significant funds from the Small Business Administration. Some of these funds were used for working capital, some were used to repay creditors, such as EAJ's predecessor in interest, and some were used to repay Mr. Munawar for capital contributions to the Debtor. This spending did not cause the Debtor to fail, nor did it cause

the loss of any cases for the firm or clients. Any plan proposed by the Debtor shall not impair the Small Business Administration's claim.

Tax Reporting/K1's

10.    The Debtor, throughout the entire period at issue, employed a licensed accountant to prepare and file its tax returns and to manage its books and records. The Debtor relied upon its accountants to accurately file its tax returns and K1 forms with the taxing authorities. Mr. Munawar testified that all personal expenses that were paid on his behalf by the Debtor were reflected on his K1s. It is counsel's opinion that Mr. Munawar gave this testimony because he believed it to be true.

Alleged Fraudulent and Preferential Transfers

11.    While the Examiner's report documents certain transfers that may actionable under the code, the report does not take into account potential defenses, which when reviewed, bring down any likely recovery significantly, to less than 15% of what is alleged. Additionally, given the agreements, one that has been entered into with Ardec and one with EAJ that we believe should be completed before the hearing on this Motion, the recovery of such transfers that may take place if an operating trustee is appointed will not provide more benefit to the creditor body than the deals that have already been negotiated and should be soon finalized.

Bankruptcy Schedules

12.    Annexed hereto as Exhibit A is a copy of the Debtor's amended schedules, the same schedules referenced by the UST in paragraph 20 of the Motion. These schedules disclose that the Debtor held two IOLA accounts. One at M&T bank and the other at Esquire bank. The balances listed for each account are $83,642.80 and $230,491.27 respectively. Additionally, they are clearly labelled as IOLA accounts. While the balances appear different between the schedules

and the Motion, this is likely due to transactions that occurred between the dates on the last bank statement on hand and the filing date. Any failure to disclose was not purposeful and was not meant to mislead in any way. Additionally, funds held in the Debtor's IOLA accounts are not assets of the estate as they are held in trust, and as a result, arguably do not belong in the schedules.

Differing Valuation Methods

13.    The Debtor in its schedules valued its cases at liquidation value. When providing reports to lenders the valuation provided likely used different valuation methodologies for different purposes. Regardless of this, the Debtor is negotiating in good faith with EAJ, who is the creditor referenced in this section of the Motion and should have an agreement for Plan treatment of their claim before the hearing on this motion.

**CONCLUSION**

14.    The Movant's burden to show gross mismanagement is clear and convincing evidence. This is a tough burden to meet. Given that the Debtor is at the stage in the case where it is ready to propose a consensual plan of reorganization, we believe that it would be in the best interests of the creditor body, the Debtor, and all other parties to allow the Debtor to move forward with such a plan. It is respectfully submitted that the appointment of an operating trustee would lead to an enormous increase in administrative expense with a slower and lower recovery for creditors. Such a result appears unnecessary when the Debtor and its creditors should be ready to proceed with a consensual plan of reorganization.

5

WHEREFORE, the Debtor respectfully requests that the Court either 1) deny the Motion,

or 2) adjourn the motion and allow the Debtor to propose a consensual plan of reorganization.

Dated: April 14, 2026                    **RONALD D. WEISS, P.C.**
    Melville, NY                    Attorneys for the Debtor and Debtor-in-Possession,
                                       Munawar Law Group PLLC


By:    */s/ John Lehr, Esq.*
        John Lehr, Esq.
        445 Broadhollow Road
        Suite CL-10
        Melville NY  11747
        Tel: (631) 271-3737
        jlehr@li-bankruptcy.com

**EXHIBIT A**

4419

| Fill in this information to identify the case: | |
|---|---|
| Debtor name **Munawar Law Group PLLC** | |
| United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK | |
| Case number (if known) **25-10020** | |

■ Check if this is an
amended filing

## Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and cash equivalents

1. Does the debtor have any cash or cash equivalents?

☐ No.  Go to Part 2.
■ Yes Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor**

Current value of debtor's interest

3.    Checking, savings, money market, or financial brokerage accounts *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1.  **M&T Bank** | **Checking** | 0716 | $1,321.91 |
| 3.2.  **M&T Bank** | IOLA | 0708 | $83,642.80 |
| 3.3.  **Esquire Bank** | **Checking** | 8267 | $0.00 |
| 3.4.  **Esquire Bank** | IOLA | 2998 | $230,491.27 |

4.    Other cash equivalents *(Identify all)*

5.    **Total of Part 1.**    $315,455.98

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

### Part 2:    Deposits and Prepayments

6. Does the debtor have any deposits or prepayments?

■ No.  Go to Part 3.
☐ Yes Fill in the information below.

Official Form 206A/B    Schedule A/B Assets - Real and Personal Property    page 1

| Debtor | Munawar Law Group PLLC | Case number *(If known)* __25-10020__ |
|---|---|---|
| | Name | |

---

**Part 3:**    Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ■ No. Go to Part 4.
    ☐ Yes Fill in the information below.

---

**Part 4:**    Investments

13. **Does the debtor own any investments?**

    ■ No. Go to Part 5.
    ☐ Yes Fill in the information below.

---

**Part 5:**    Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

    ☐ No. Go to Part 6.
    ■ Yes Fill in the information below.

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 19. | Raw materials | | | | |
| 20. | Work in progress 232 Current and ongoing Personal Injury cases Value ranges between $5,255,500.00 and $7,990,999.64 based on compensation award after settlement or trial | | $0.00 | | $5,255,500.00 |
| 21. | Finished goods, including goods held for resale | | | | |
| 22. | Other inventory or supplies | | | | |

23.   **Total of Part 5.**
     Add lines 19 through 22. Copy the total to line 84.

     | **$5,255,500.00** |

24.   **Is any of the property listed in Part 5 perishable?**
     ■ No
     ☐ Yes

25.   **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
     ■ No
     ☐ Yes. Book value _____ Valuation method _____ Current Value _____

26.   **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
     ■ No
     ☐ Yes

---

**Part 6:**    Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

    ■ No. Go to Part 7.
    ☐ Yes Fill in the information below.

Debtor  **Munawar Law Group PLLC**                                  Case number *(If known)* **25-10020**

Name

**Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.

■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. Office furniture **Office Furniture** | $0.00 | | $33,700.00 |
| 40. Office fixtures | | | |
| 41. Office equipment, including all computer equipment and communication systems equipment and software **Office Equipment** | $0.00 | | $9,500.00 |
| 42. Collectibles *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |

| 43. **Total of Part 7.** Add lines 39 through 42. Copy the total to line 86. | $43,200.00 |
|---|---|

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

■ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

■ No

☐ Yes

**Machinery, equipment, and vehicles**

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.

☐ Yes Fill in the information below.

**Real property**

**54. Does the debtor own or lease any real property?**

■ No.  Go to Part 10.

☐ Yes Fill in the information below.

**Intangibles and intellectual property**

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No.  Go to Part 11.

■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

| Debtor | Munawar Law Group PLLC | Case number *(If known)* 25-10020 |
| --- | --- | --- |
| | Name | |

60.   **Patents, copyrights, trademarks, and trade secrets**

61.   **Internet domain names and websites**
       **https://mlawfirm.com/**                          $0.00                          $0.00

62.   **Licenses, franchises, and royalties**

63.   **Customer lists, mailing lists, or other compilations**

64.   **Other intangibles, or intellectual property**

65.   **Goodwill**

66.   **Total of Part 10.**                                                  | $0.00 |
       Add lines 60 through 65. Copy the total to line 89.

67.   **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107?
       ■ No
       ☐ Yes

68.   **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
       ■ No
       ☐ Yes

69.   **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
       ■ No
       ☐ Yes

**Part 11:      All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

    ■ No.  Go to Part 12.
    ☐ Yes Fill in the information below.

| Debtor | Munawar Law Group PLLC | Case number *(If known)* **25-10020** |
|---|---|---|
| | Name | |

**Part 12:    Summary**

In Part 12 copy all of the totals from the earlier parts of the form

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $315,455.98 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $5,255,500.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $43,200.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*.....................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $5,614,155.98 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $5,614,155.98 |

**4419**

| Fill in this information to identify the case: |
| --- |
| Debtor name    **Munawar Law Group PLLC** |
| United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known)    **25-10020** |

■ Check if this is an
amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
| --- | --- | --- | --- |
| **2.1**  **B.E. Blank & Company**<br>Creditor's Name | Describe debtor's property that is subject to a lien<br>**232 Current and ongoing Personal Injury cases**<br>**Value ranges between $5,255,500.00 and $7,990,999.64 based on compensation awared after settlement or trial** | **$6,261,198.52** | **$5,255,500.00** |
| **105 S Narcissus Ave**<br>**Suite 800**<br>**West Palm Beach, FL 33401**<br>Creditor's mailing address | Describe the lien<br>**Secured Loan**<br>Is the creditor an insider or related party?<br>■ No<br>☐ Yes | | |
| Creditor's email address, if known | Is anyone else liable on this claim?<br>■ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | | |
| Date debt was incurred | | | |
| Last 4 digits of account number | | | |
| Do multiple creditors have an interest in the same property?<br>■ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | As of the petition filing date, the claim is:<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>■ Disputed | | |

**3.** Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.

$6,261,198.52

**Part 2:  List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
| --- | --- | --- | --- |
| | | | |

4419

| Fill in this information to identify the case: |
| --- |

Debtor name    **Munawar Law Group PLLC**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **25-10020**

■ Check if this is an
amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

    ■ No. Go to Part 2.

    ☐ Yes. Go to line 2.

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

                                                                                            Amount of claim

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $730,224.82 |
| --- | --- | --- | --- |
| | **Ardec Funding**<br>**400 Park Ave 12 FL**<br>**New York, NY 10022** | ☐ Contingent<br>☐ Unliquidated<br>■ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim: **Business Debt**<br>Is the claim subject to offset? ■ No ☐ Yes | |

| 3.2 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1,700,000.00 |
| --- | --- | --- | --- |
| | **Small Business Administra**<br>**PO Box 740192**<br>**Atlanta, GA 30374-0192** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim: _<br>Is the claim subject to offset? ■ No ☐ Yes | |

### Part 3:    List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
| --- | --- | --- | --- |
| 4.1 | **Small Business Admin**<br>**801 Tom Martin Dr.**<br>**Ste. 120**<br>**Birmingham, AL 35211** | Line **3.2**<br><br>☐ Not listed. Explain ___ | _ |
| 4.2 | **Small Business Admin**<br>**2 North 20th Street**<br>**Ste. 320**<br>**Birmingham, AL 35203** | Line **3.2**<br><br>☐ Not listed. Explain ___ | _ |

### Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

Official Form 206E/F                    Schedule E/F: Creditors Who Have Unsecured Claims                    page 1 of 2

26733

Debtor   **Munawar Law Group PLLC**
         Name

Case number (if known)   **25-10020**

5. **Add the amounts of priority and nonpriority unsecured claims.**

|   |   | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + $ | 2,430,224.82 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. $ | 2,430,224.82 |

## United States Bankruptcy Court
### Southern District of New York

4419

In re  **Munawar Law Group PLLC**

Debtor(s)

Case No. **25-10020**

Chapter **11**

# DECLARATION CONCERNING DEBTOR'S AMENDED SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Managing Attorney of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing Schedule A/B has been amended to include current value of personal injury cases.

Schedule D, E/F has been amended to move debt owed to B.E. Blank & Company from unsecured to secured., consisting of **8** page(s), and that they are true and correct to the best of my knowledge, information, and belief.

Date  **February 11, 2025**

Signature **/s/ Adnan Munawar, Esq.**
**Adnan Munawar, Esq.**
**Managing Attorney**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.